Paige, J.
 

 The will of Robert Bogardus was executed on the 23d day of April 1814; he died on the 8th of April 1841. By his will, he devised to the defendant (his wife) all his estate, both real and personal, of what kind or nature soever the same might be. The testator was not seised or possessed of the premises in question in this suit, at the time he made his will; he acquired them on the 18th of February 1825, after the execution of his will. The question presented for decision is, whether these subsequently-acquired *lands passed to the devisee, under the will, or descended to the heirs-at-law of the testator.
 

 The title of the revised statutes in relation to wills and testaments of real and personal property, &c. (vol. ii., p. 57, § 5), provides, that “every will that shall be made by a testator, in express terms, of all his real estate, or, in any
 
 *291
 
 other terms, denoting Ms intent to devise all his real property,
 
 shall be construed to pass all
 
 the real estate which lie is entitled to devise at the time of his death.” And the 77th section of the same title declares, that “ the provisions of this title shall not be construed to impair the validity of the execution of any will made before this chapter shall take effect, or
 
 to affect the construction of any such will."
 

 As a general rule, a will speaks at the time of the testator’s death; until then, it is ambulatory, and does not take effect, until that time. Before the adoption of the revised statutes, a distinction existed between bequests of personal property and devises of real estate. Under the former, if such was the apparent intent of the testator, all the personal property owned by the testator at his death, passed to the legatee; under the latter, no after-purchased lands passed to the devisee, unless the testator, subsequently to the acquisition of such lands, republished his will. A devise of lands was said to resemble a conveyance, and for this reason, it was held to operate only on such real estate as the testator owned, and was seised of, at the time of making his will. (1 Burr. 429; 2 Bl. Com. 378; 4 Kent Com. 510, 513; 10 Paige 149;
 
 Jackson
 
 v.
 
 Potter,
 
 9 Johns.
 
 313; Pistol
 
 v.
 
 Richardson,
 
 3 Doug. 361.)
 

 If the title of the revised statutes in relation to wills and testaments is to be applied to the will of Robert Bo-gardus, his after-acquired lands passed to his devisee; if the will is to be governed by the law as it Existed before that title took effect, they descended to his heirs-at-law.
 

 The determination of the question whether the revised statutes are applicable to the will of Robert Bo-gardus, must depend upon whether that question is within the meaning of *the section of the revised statutes heretofore quoted, a question of construetion, or one of right and power in a testator to devise after-acquired lands. It must be conceded, that before
 
 *292
 
 the adoption of the revised statutes, no words which a testator might use, no matter how clearly they denoted an intention to devise all the real estate which he might own at the time of his death, could pass to the devisee the title to any after-acquired lands. (10 Paige 149.) The question may therefore, abstractly considered, be said to be one of right or power to devise after-acquired lands. But considered in connection with the 5th and 77th sections of the title in relation to wills and testaments, it must, I think, be regarded as a question of construction. If this had not been the intent of the legislature, the object aimed at, the abrogation of the distinction between devisees of real estate and bequests of personal property in relation to subsequently-acquired real and personal property, would doubtless have been accomplished, by an enactment, expressly declaring, that after-acquired lands should pass under a devise, where the words used by the testator manifested an intent to devise such lands. But instead of such a direct enactment, the legislature elect to abrogate the existing rule in relation to devises of after-acquired lands through the instrumentality of con struction. The language of the section is, “every will that shall be made by a testator, in express terms, of all his estate,” &c., “shall be construed.to pass all the real estate which he was entitled to devise at the time of his death.” Then the 77th section declares, that “the provisions of this title shall not be construed, &c., to affect the construction of any will, made before this chapter shall take effect.”
 

 These two sections, considered together, clearly denote • an intention on the part of the legislature, that the question in relation to a devise of after-acquired lands should be regarded as a question of construction, and as such it was intended to be, and was, in express terms, embraced within the words and meaning of the 77th section, which declares *that the provisions of that title shall not be construed to affect the construe-
 
 *293
 
 {ion of any will, made before the chapter containing such title took effect. In other words, according to the true construction of the title in relation to wills and testaments, the provisions of that title have no application to wills executed before such title was in force as a law, so far as relates to devises of after-acquired lands, and such wills in regard to this question are to be governed by the law as it existed before the revised statutes went into operation.
 

 The fifth section substantially declares, that a certain form of words, or certain terms, shall be construed to pass all the real estate owned by the testator at the time of his death. The object in view is to be attained through the medium of construction. The word “ construed,” in the 5th section, and the word “ construction,” in the 77th section, were evidently used as
 
 synonymous
 
 words, of the like import and signification, and equal to each other. The 77th section necessarily applies to the 5th section; unless it does, there will be no provision in the title to which the last clause of that section can be made applicable.
 

 The legislature made express provision for such sections of the title as they intended should have a retrospective operation, §§ 70, 71, 72, 73, 75, 76. Precisely the same terms as those used in the 77th section are used in the last section of title 5, of the 1st chapter of the 2d part of the revised statutes, to express the intention of the legislature that the provisions of that chapter shall not apply to deeds and wills which shall have taken effect before that chapter was in force as a law. A construction of the title in relation to wills and testaments, which would make the 5th section of that title applicable to previous wills, would lead, in many, if not most, of the cases of such wills, to a defeat of the intention of the testator. When such wills were executed, the law that a devise of real estate would not operate upon subsequently-acquired lands, was clearly settled and well
 
 *294
 
 understood. And in tire present case, the testator being a lawyer of respectable standing in his profession, we ■*iave a to presume that he was familiar with this well-understood rule of law, at the time he made his will, and by his omission to republish his will, or to execute a new one, we are authorized to presume, that he intended that his subsequently-acquired real estate should descend to his children. (8 Paige 119.)
 

 It was originally contended, that the question, whether a general devise of all the testator’s real estate passed after-acquired lands, was a question of construction. Where the intent was manifest to devise such lands, it was argued, that they passed to the devisee, by force of the rule that the will operates at the time of the testator’s death. But on the other side, it was said, that a will in this respect resembled a conveyance, and that argument prevailed; but Lord Mansfield said, it might as well have been decided the other way.
 
 (Pistol
 
 v.
 
 Richardson,
 
 3 Doug. 361; 26 Com. L. R.
 
 145; Perrin
 
 v.
 
 Blake,
 
 Harg. Law Tr. 502; 1 Burr. 429.)
 

 The cases of
 
 De Peyster
 
 v.
 
 Clendinning
 
 (8 Paige 304) and of
 
 Sherman
 
 v.
 
 Sherman
 
 (3 Barb. 385) have no application. The question in those cases arose under the provisions of the revised statutes in relation to the creation and division of estates, to uses and trusts, and to the accumulations of personal property. There is no section of the revised statutes which declares that these provisions shall not apply to wills made before the revised statutes went into operation, but which did not take effect, by the death of the testator, until after that time. In the absence of all statutory provision, it is a general rule, that wills take effect at the death of the testator, and are governed by the law as it existed at that time. The case of
 
 Bishop
 
 v.
 
 Bishop
 
 (4 Hill 138) decided, that § 52 (2 R. S. 66) of the title in relation to wills and testaments, applied to wills made before the adoption of the revised
 
 *295
 
 statutes, where the testator died after those statutes took effect. But there, the son and heir-at-law of the devisee, who died in the lifetime of the testator, did not take under the will, but as special heir, under *the law. And the question was not one of construe
 
 tion;
 
 but if it was, the decision was erroneous, and cannot be regarded as authority here. The same remarks are applicable to § 49, which relates to an after-born child. I am of opinion, that the judgment of the supreme court ought to be reversed, and such is the unanimous opinion of this court.
 

 Judgment reversed.
 
 [1]
 

 [1]
 

 Poll owed in Ellison
 
 v.
 
 Miller, 11 Barb. 332, and Green
 
 v.
 
 Dikeman, 18 Ibid. 535.