ABRAM S. LENT, PLAINTIFF, *v.* HARRIET LENT AND JOHN LENT, DEFENDANTS.

*Will—when real estate, purchased after the making of it, passes to the devisees.*

A testator by his will made in 1858, provided that after all his lawful debts were paid and discharged, he gave, bequeathed and disposed of the residue of his estate, real and personal, as follows: " To my beloved wife Harriet, I give, devise and bequeath all my household goods and personal property to be hers forever, I also give and bequeath to my beloved wife Harriet all my real estate now possessed by me during the term of her natural life, and after her death to be disposed of as follows, to wit: To my son John," charged with the payment of certain legacies. After the date of the will the testator sold the farm upon which he then resided, and moved upon and purchased another one, of which he died seized and possessed.

*Held,* that the after-acquired real estate passed by the will to the devisees, and that they and not the testator's heirs-at-law were entitled thereto.

*Cole* v. *Scott* (1 Mac. & Gordon, 518) and *Quin* v. *Hardenbrook* (54 N. Y., 83), distinguished.

MOTION by the defendants for a new trial on exceptions taken at the Wayne Circuit, and ordered to be heard at the General Term in the first instance.

*A. A. Pope*, for the plaintiff.

*Charles McLouth*, for the defendants.

SMITH, J. :

The plaintiff sues as an heir-at-law of James Lent, deceased, to recover an undivided tenth part of a certain farm in Macedon, Wayne county, of which the deceased died seized. The defendants, one of whom is the widow, and the other a son of the deceased, claim as devisees under the will of said deceased, and the principal question in the case is, whether the will operated to pass the title to real estate acquired by the testator after the will was executed. The will is dated on the 26th of January, 1858. The portions of it material to the question are as follows : " First, after all my lawful debts are paid and discharged, the residue of my estate, real and personal, I give, bequeath and dispose of as follows, to wit :

" To my beloved wife Harriet " (defendant) " I give, devise and bequeath all my household furniture and personal property to be hers forever. I also give and bequeath to my beloved wife Harriet all my real estate now possessed by me during the term of her natural life, and after her death to be disposed of as follows, to wit :

" To my son John " (defendant) " the above-named real estate, after paying from the same the following legacies, to wit :

" To my sons William, Jerome and David each one hundred dollars.

"Also to my daughters Rachel and Martha each one hundred dollars.

"Also to my grandson Abram Lent " (the plaintiff) " one hundred dollars when he shall attain the age of twenty-one years." The defendants were appointed executors. When the testator made the will he owned a farm in Otsego county, which he afterwards sold. He then removed to Macedon and bought the farm, a portion of which the plaintiff seeks to recover in this action, on which he lived till the time of his death. He was married twice. The defendant,

John, is the youngest child, and the only surviving son of the second marriage. The plaintiff is the son of a deceased child of the testator by his first wife. At the trial the plaintiff put in evidence a verified answer made by the said Harriet Lent, John Lent and Susan Lent (John's wife) in an action brought by William Lent, a son of the deceased, for a partition of the Macedon land. The answer alleged, among other things, that said Macedon farm (except an interest therein of about $600) came to the testator through his second wife, and that specific legacies to the amount of $600 were given by the will to the children and grandchildren of the first marriage.

At common law a devise, although general, of all the testator's real estate, did not carry that which he acquired subsequently to the execution of the will. It was otherwise as to personalty. The rule as to real estate was changed by our statute (which provides that "every will that shall be made by a testator in express terms, of all his real estate, or in any other terms denoting his intent to devise all his real property, shall be construed to pass all the real estate which he was entitled to devise at the time of his death" [2 R. S., 57, § 5]). The intent of the testator is to control, and that is to be gathered from the whole will. In this case, the intention of the testator to devise all his real estate would be clear and express but for the words "now possessed by me." Did the testator intend by using the word "now" to limit the devise to the real estate owned by him at the time when the will was executed ? We think not, for several reasons. In the first place, it is evident that the testator intended to dispose of all his estate by the will, and not to die intestate as to any part of it. That is apparent from the clause immediately preceding the devise in question, in the nature of an introductory clause, in which he declares the intention to dispose of the *residue* of his estate, real and personal, after payment of his debts, and to *effectuate* that intention by the devise of the land, subject to the charges made upon it. Although an introductory clause of that character does not of itself enlarge a particular devise, it is very material to the inquiry concerning the purpose of the testator. (2 Preston on Estates, 206 ; *Fox* v. *Phelps,* 17 Wend., 393 ; *Doe* v. *Harter,* 7 Blackf., 448 ; *Charter* v. *Otis,* 41 Barb., 525 ; *Harris* v. *Slaght,* 46 id., 470, 502 ; *Earl* v. *Grim.*

1 Johns. Ch., 494; *Youngs* v. *Youngs*, 45 N. Y., 254.) As it shows that the testator intended to part with his whole estate, the subsequent words will, if possible, be construed so as to prevent intestacy as to any part of his property. (*Per* THOMPSON, J., in *Jackson* v. *Merrill*, 6 Johns., 191.) In the next place, a will ordinarily speaks as of the time of the testator's death (*Parker* v. *Bogardus*, 5 N. Y., 309; *McNaughton* v. *McNaughton*, 34 N. Y., 201), and there is nothing in the language of the will before us inconsistent with the idea that the testator, in using the word "now," referred to that period of time. Again, the word "now" is not used in other parts of the will. In that respect, the case differs from that of *Cole* v. *Scott* (1 Mac. & Gordon, 518), cited by the plaintiff's counsel. The case at bar is clearly distinguishable from *Quin* v. *Hardenbrook* (54 N. Y., 83), on the authority of which we understand the learned judge by whom this case was tried, rested his decision. In that case the devise of lands "now" owned by the testator was to one who could not take by inheritance, and the word "now" was construed to refer to the date of the will, and not to the time of the testator's death, in accordance with the rule that the heir shall not be disinherited unless by plain and cogent inference arising from the will. Again, the devise in that case was not general, but was limited to " all the real and personal estate I now possess or may hereafter become heir to either from the estate of George Rappalye, deceased, cousin to my father, or from the estate of Trinity Church (*versus*) Anneke Jans, on the part of my mother." These circumstances were particularly adverted to in deciding the case, and they distinguish that case from the one in hand.

On the whole we are of the opinion that the intention of the testator to devise all the real estate possessed by him at the time of his death, is legally perceptible upon the face of the will, and that the defendants took title to the land in controversy under the devise.

The motion for a new trial granted, costs to abide event.

TALCOTT, P. J., and HARDIN, J., concurred.

New trial ordered, costs to abide event.