OBECNY · v. GOETZ et al.

(Supreme Court, Appellate Division, Second Department.   October 8, 1909.)

DESCENT AND DISTRIBUTION (§ 47*)—EFFECT OF WILL—AFTER-BORN CHILDREN —STATUTORY PROVISIONS.

   The amendment by Laws 1869, p. 40, c. 22, § 1, of the statute of wills, as found in 2 Rev. St. (2d Ed.) pt. 2, c. 6, tit. 1, art. 3, § 49, to let in a child born after the making of its mother's will, applies to a will made before it was passed.

   [Ed. Note.—For other cases, see Descent and Distribution, Cent. Dig. § 128; Dec. Dig. § 47.*]

Appeal from Special Term, Kings County.

Action by Barbara Obecny against Kunigunda Goetz and another. Judgment for plaintiff, and defendants appeal. Affirmed.

See, also, 116 App. Div. 807, 102 N. Y. Supp. 232.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Argued before HIRSCHBERG, P. J., and GAYNOR, BURR, RICH, and MILLER, JJ.

Louis J. Altkrug, for appellants.

Louis J. Halbert, for respondent.

GAYNOR, J.   The plaintiff has no case unless section 49 of what was called the statute of wills (2 Rev. St. [2d Ed.] pt. 2, c. 6, tit. 1, art. 3), which lets in children born after the making of a parent's will, applies to the will of her mother, who made her will in 1860 and died in 1876. The plaintiff, and two other children, were born after the will was made.   It is urged for the appealing defendant that the said statute does not apply to wills made before it was passed, as is the case here.   It was amended in 1869 (Laws 1869, p. 40, c. 22, § 1) to apply to the wills of mothers as well as of fathers, and therefore does not apply to this mother's will if the appellant be correct.   The statute was meant to regulate succession to the property of decedents in all cases of after-born children, whether in the case of wills then existing or afterwards to be made.   There is no vested interest in the way of construing it contrary to the legislative intention, for nothing vests under a will until it takes effect, i. e., by the death of the testator.   There is no controlling decision on the subject.

The judgment should be affirmed.

Judgment affirmed, with costs.   All concur.