Matter of Proving the Last Will and Testament of LILLIAN YONGEN CUTLER, Deceased, as a Will of Real and Personal Property.

(Surrogate's Court, Queens County, January, 1921.)

Wills — when probate decreed — husband and wife — Decedent Estate Law, § 35.

> Upon the death of a wife in this state, her last will and testament, executed in another state while she was unmarried, may be admitted to probate in this state, under section 35 of the Decedent Estate Law, though her surviving husband was not mentioned in the will.

PROCEEDING upon the probate of a will.

Elmer E. Studley, for petitioner.

Carl Graff, for contestant.

NOBLE, S. The instrument offered for probate in this proceeding was executed by the decedent, who was then unmarried, on August 12, 1903, in the state of New Jersey, where the decedent then resided.

On March 28, 1908, the decedent was duly married to Edgar G. Cutler, and shortly afterward she and her said husband moved into the state of New York, of which state she was a resident at the time of her death, August 20, 1920.

The husband, Edgar G. Cutler, is not mentioned in the said instrument.

No issue was born of this marriage, but besides her husband the decedent left surviving her Marie Yongen Heatly, a daughter by a previous marriage, who is of full age.

Objection was made to the probate of the said instrument by Edgar G. Cutler, husband, on the ground that it is void under section 36 of the Decedent Estate Law.

At the time the instrument was executed section 36 of the Decedent Estate Law was in effect, and provided as follows: "A will executed by an unmarried woman shall be deemed revoked by her subsequent marriage."

At the time of the death of the decedent, however, section 36 of the Decedent Estate Law was not in effect, having been repealed by Laws of 1919, chapter 293, section 1, in effect September 1, 1919, which provided as follows:

"§ 35. Revocation by marriage. If after making any will, such testator marries, and the husband or wife, or any issue of such marriage, survives the testator, such will shall be deemed revoked as to them, unless provision shall have been made for them by some settlement, or they shall be provided for in the will, or in such way mentioned therein as to show an intention not to make such provision; and such surviving husband or wife, and the issue of such marriage, shall be entitled to the same rights in, and to the same share or portion of the estate of said testator as they would have been, if such will had not been made. No evidence to rebut such presumption of revocation shall be received, except as herein provided."

There is no dispute as to the facts in the case and the question to be decided is whether the law governing the making of a will by the said decedent and its validity was that in effect at the time of the execution of the instrument, or that in effect at the time of her death.

There is nothing in section 35 of the Decedent Estate Law which makes it retroactive, or limits its application in any way.

In *Moultrie* v. *Hunt*, 23 N. Y. 394, the Court of Appeals, referring to a will, say: " It is of the essence of a will that until the testatrix's death it is ambulatory and revocable. No rights of property or powers over property were conferred upon any one by the execution of this instrument, nor were the estate, interest or rights of the testator in his property in any way abridged or qualified by that act. The transaction was in its nature inchoate and provisional; it prescribed the rules by which his succession should be governed, provided he did not change his determination in his lifetime." See also *Obecny* v. *Goetz*, 116 App. Div. 807, and cases therein cited, and also *Matter of Tone*, 186 id. 363.

A will being ambulatory and not taking effect until the death of its maker, I am of the opinion that the law to be applied is that in force at the time of the death of the decedent, namely, section 35 of the Decedent Estate Law, and that, therefore, the instrument here offered for probate should be admitted, subject to the provisions of said section 35, and that letters testamentary be issued accordingly.

Probate decreed.