Matter of the Estate of WILSON C. DEXTER, Deceased.

(Surrogate's Court, New York County, June, 1921.)

Wills — when will deemed to be revoked in part — Decedent Estate Law, § 35.

Decedent having by a will executed while he was unmarried devised and bequeathed his entire estate to one who subsequently became his wife died survived by her and two infant children, the issue of the marriage. *Held,* that section 35 of the Decedent Estate Law, as amended by chapter 293 of the Laws of 1919, which was in effect at the time of decedent's death, applied, and that the will should be deemed revoked as to the surviving issue, but subject to such partial revocation it was valid as to the widow and entitled to be admitted to probate.

The executor named being a non-resident letters testamentary will issue upon his giving a bond.

PROCEEDINGS upon the probate of a will.

Barker, Donohue, Anderson & Wylie, for proponent.

James Regan Fitzgerald, special guardian.

2

Surrogate's Court, New York County, June, 1921.    [Vol. 116.

FOLEY, S.  The alleged will of decedent was executed April 24, 1911.  At that time he was unmarried.  By this instrument all of the property of decedent was devised and bequeathed to Helen T. Fillebrown, who subsequently became his wife.  He left him surviving his widow and two infant children, the issue of that marriage.  Decedent died February 6, 1921, a resident of this county.  The alleged will is propounded by the widow.  The special guardian has filed an answer in which he asks that probate be denied as the alleged will was revoked by section 35, Decedent Estate Law. That section as amended by chapter 293, Laws of 1919, reads as follows: "If after making any will, such testator marries, and the husband or wife, or any issue of such marriage, survives the testator, such will shall be deemed revoked ·as to them, unless provision shall have been made for them by some settlement, or they shall be provided for in the will, or in such way mentioned therein as to show an intention not to make such provision; and· such surviving husband or wife, and the issue of such marriage, shall be entitled to the same rights in, and to the same share or portion of the estate of said testator as they would have been, if such will had not been made * * *."  By the same amendment section 36 of the Decedent Estate Law was repealed, the amendment making section 35 comprehensive enough to include this section.  This was the law in effect at the time of decedent's death.  At the time of the execution of the alleged will former section 35 of the Decedent Estate Law provided for the revocation of a will under the circumstances here present.  The answer of the special guardian was evidently interposed under the impression that the law at the time of the execution of the will should control.  There is nothing in present section 35 of the Decedent Estate Law which makes it

retroactive or limits its application in any way. I am of the opinion that the law to be applied is that in effect at the time of the death of decedent. *Matter of Cutler*, 114 Misc. Rep. 203; *Matter of Gaffken*, Id. 693; affd., 197 App. Div. 257. As the testator left issue surviving who were not provided for by any settlement or by the will, the instrument offered for probate is to be deemed revoked as *to them*. Decedent Estate Law, section 35. As the wife is provided for in the will it is valid as to her, subject to the partial revocation referred to above, and should be admitted to probate. The real question is one of distribution.

The special guardian also files objections to the issuance of letters testamentary, in the event of probate, without a bond. As the executor named in the will is a non-resident, this objecton is well taken. Code Civ. Pro. §§ 2564, 2567. Should he qualify, a bond will be required in the sum of $27,000.

Decreed accordingly.