In the Matter of the Estate of Sophie Lavine, Deceased.

Surrogate's Court, Kings County, May 27, 1938.

*Samuel Davidson* [*Samuel Dimson* of counsel], for Tillie Eager as administratrix, etc., petitioner.

*Henry Brunell* [*Aaron H. Schwartz* of counsel], for the widower, objector.

WINGATE, S. The present proceeding possesses a certain passing interest by reason of its unusual factual disclosure. The only litigated issue concerns the validity of the asserted right of election of the surviving husband of the decedent to take in contravention of the terms of the will.

The facts asserted on behalf of the attempted elector, which appear to be conceded for purposes of present decision, are that the decedent and the present attempted elector intermarried in the Commonwealth of Massachusetts in September, 1923, and established their matrimonial domicile in that State. In December of the same year, while still domiciled in Massachusetts, the decedent executed the will which has been admitted to probate, by which she benefited her husband to the extent of a five-dollar bequest only. It is said that mutual releases were then exchanged which purported to waive the rights which each possessed in the estate of the other.

The parties remained domiciled in Massachusetts until the year 1932, when they permanently removed to this State. The decedent was domiciled in this county at the time of her death, on December 5, 1935. Her sole asset at death was a postal savings account with a Brooklyn station of the United States Post Office in the sum of $2,079.35.

It is asserted that at the time of the execution of the will, Massachusetts laws inhibited the disinheritance of a surviving spouse and permitted such an one to elect to take as in intestacy. It is further asseverated that under those laws a wife could not contract with her husband and that, in consequence, the purported waiver by the husband of any rights in the estate of his wife was without legal effect. Numerous citations purporting to establish these points of Massachusetts law have been supplied. The court has not examined the authorities cited and, for present purposes, assumes the correctness of the statements in this regard, deeming them wholly immaterial.

In its opinion three fundamental principles of the law of decedent devolution control the decision of the present issue. The *first* is that except in respect of real or tangible personal property having

a permanent situs elsewhere, the laws of the locality in which a person is domiciled at death govern the devolution of his assets. (*Cuillander* v. *Howell*, 35 N. Y. 657, 661; *Petersen* v. *Chemical Bank*, 32 id. 21, 44; *Daby* v. *Ericsson*, 45 id. 786, 789, 790; *Dammert* v. *Osborn*, 140 id. 30, 39; *Matter of Gaubert*, 164 Misc. 768, 771; *Matter of Dumarest*, 146 id. 442, 444.)

*Second*, whereas the right to transmit property on death is a creature of positive law and not a natural right (*Matter of Bergdorf*, 206 N. Y. 309, 316; *Sultan of Turkey* v. *Tiryakian*, 162 App. Div. 613, 615; affd., 213 N. Y. 429; *Knowlton* v. *Moore*, 178 U. S. 41, 55; *Matter of Barbour*, 185 App. Div. 445, 457; *Matter of Greenberg*, 141 Misc. 874, 887; affd., 236 App. Div. 733; affd., 261 N. Y. 474; *Matter of Killough*, 148 Misc. 73, 85), yet, subject only to the limiting conditions which may be imposed by the sovereignty, the laws of which effect the devolution, a testator possesses and may exercise the right to direct the distribution of his net estate to any person or persons of his choice. (*Matter of Watson*, 262 N. Y. 284, 293, 294; *Matter of Sidman*, 154 Misc. 675, 676; *Matter of Forte*, 149 id. 327, 328; *Matter of Larney*, 148 id. 871, 877; *Matter of Griffin*, 159 id. 12, 15; *Matter of Draske*, 160 id. 587, 593.)

*Third*, except in respect of gifts of specific items of property in certain stituations, a will is ambulatory and wholly ineffective for any purpose until the death of its author (*Brundage* v. *Brundage*, 60 N. Y. 544, 548; *Matter of Shevlin*, 143 Misc. 213, 217; affd., 242 App. Div. 636; affd., 278 N. Y. ——; *Matter of Williams*, 162 Misc. 507, 509; affd., 254 App. Div. 741) from which it follows as an inevitable sequence that the devolutionary effect of the document is solely determinable in accordance with the law in existence at the time of the death of the testator. (*Parker* v. *Bogardus*, 5 N. Y. 309, 314; *Moultrie* v. *Hunt*, 23 id. 394, 401; *People* v. *Powers*, 147 id. 104, 109; *Matter of Gaffken*, 197 App. Div. 257, 259; affd., 233 N. Y. 688; *Obecny* v. *Goetz*, 116 App. Div. 807, 808; *Matter of Holmes*, 147 Misc. 394, 397; *Matter of Dexter*, 116 id. 17, 19; *Matter of Cutler*, 114 id. 203, 205; *Matter of Schuster*, 111 id. 534.)

Section 18 of the Decedent Estate Law of this State, which became effective on September 1, 1930 (Laws of 1929, chap. 229), marked a somewhat radical departure from the previously existing latitude of authority for the personal direction of testamentary devolution by a decedent, and amounted in effect to a statutory limitation upon the power of an owner to direct the mode of distribution of his net estate subsequent to his death (*Matter of Greenberg*, 141 Misc. 874, 887; affd., 236 App. Div. 733; affd., 261 N. Y. 474; *Matter of Curley*, 151 Misc. 664, 671; modfd., on other grounds,

245 App. Div. 255; affd., 269 N. Y. 548), with the result that subsequent to its effective date a will executed subsequently, has been held invalid as to a surviving spouse at his election which failed to make a specified minimum provision for his or her benefit.

This new limitation was effective, however, only to the extent of its express terms and imposed its inhibition only in respect of wills executed after August 31, 1930. Wills executed prior to that date and not subsequently republished were left wholly unaffected. (*Matter of Tankelowitz,* 162 Misc. 474, 476.)

The composite result in the present situation is that at the date of her death, the law which governed the devolution of the sole property which this decedent owned, placed no presently pertinent limitation on her authority of testamentary direction thereof and accorded the surviving spouse no right of complaint in the event of his disinheritance. It is accordingly determined that he possesses no right of election to take in contravention of the terms of the will and his objections to the account will be dismissed, with costs.

Enter decree on notice in conformity herewith.