In the Matter of the Estate of WILLIAM H. E. JACKSON, Deceased.

Surrogate's Court, Kings County, July 19, 1941

*Walter Jeffreys Carlin* [*Pallister Hamilton Feely* of counsel], for the petitioner.

*Wingate & Cullen,* for Arthur Jackson and others, legatees, respondents.

*Connolly & Frey,* for the Chase National Bank of the City of New York, executor and trustee, respondent.

WINGATE, S. Two motions were made in this proceeding to eliminate demands for particularization by the widow of her claim to take in contravention of the terms of the will. That respecting the particularization demanded by the fiduciary was determined on the hearing by the withdrawal by the fiduciary of its demands numbered " 2," " 3 " and " 4 " and by the grant by the surrogate of its motion respecting " 1."

The other motion relates to the demands for particularization included in the notice of Arthur Jackson and others. These were originally three in number, but on the hearing counsel withdrew those numbered " 2 " and " 3 " leaving for determination merely the propriety of that numbered " 1." This seeks a statement from the surviving spouse as to whether she will claim that the value of the testamentary provisions made " for the benefit of Emily H. Griffhorn, who, as Emily H. Jackson, is the petitioner herein," does not equal the statutory intestate share of a surviving spouse, " and if so, to what extent and in what manner " it does not constitute such equivalent.

The purpose of section 18 of the Decedent Estate Law, as disclosed in the notes of the Commission accompanying it at the time of its enactment, was to establish as a statutory policy the fact that a surviving spouse was entitled to a specified minimum partici-

pation in the estate of a decedent. It has repeatedly been determined that its provisions should be liberally construed in favor of the survivor (*Matter of McGlone*, 171 Misc. 612, 616; affd., 284 N. Y. 527; *Matter of Brill*, 175 Misc. 236, 237; *Matter of Goldsmith*, 174 id. 270, 273; Butler, N. Y. Surrogate Law & Practice, § 2282, and authorities cited) to the end that this statutory policy be not evaded or frustrated.

It is elementary that testamentary disposition of his property by a decedent is a privilege and not a right, which may be subjected to such conditions as the State may elect to impose (*United States* v. *Perkins*, 163 U. S. 625, 629; *Mager* v. *Grima*, 8 How. [49 U. S.] 490, 493; *Matter of Dows*, 167 N. Y. 227, 231; affd., *sub nom. Orr* v. *Gilmon*, 183 U. S. 278), and it has on several occasions been determined that the provisions of section 18 of the Decedent Estate Law effect the imposition of such a condition (*Matter of Greenberg*, 141 Misc. 874, 877; affd., 236 App. Div. 733; affd., 261 N. Y. 474; *Matter of Curley*, 151 Misc. 664, 670; modfd. on other grounds, 245 App. Div. 255; affd., 269 N. Y. 548; *Matter of Lavine*, 167 Misc. 879, 881, 882) by providing in effect that the will of any given decedent shall, in part, be invalid if it fails to make the prescribed minimum provision for a surviving spouse, and the latter evidences his or her disapproval in an expressly indicated manner.

The statute specifies no exact requirement respecting the form of the notice of disapproval by the spouse and it has been held that any notice is adequate the terms of which are sufficient to inform the executor that the surviving spouse lays claim to the rights accorded by section 18. (*Matter of Clark*, 166 Misc. 909, 913.)

The logical conclusion from these premises is that the effect of such a notice is in essence an assertion by the survivor that he or she is entitled to receive the intestate share in the estate of the decedent accorded her by the terms of the statute. The position of her opponents is that she is not entitled to such right, either in whole or in part, for the reason that the decedent has complied with the terms of the statute which condition his right of testamentation, so far as she is concerned.

In other words, the burden of proof is imposed upon those seeking to sustain the literal integrity of the will to demonstrate that the testator has complied with the conditions which the law has imposed upon his right to divert from his spouse a substantial equivalent of the portion of the estate which she would have received had no valid will been made, in the same manner and to a like extent that it is imposed upon the proponents of any alleged testamentary document, to satisfy the court that the formalities requisite to divert property from ordinary statutory distributees have met

with compliance. It is accordingly their obligation to show that the will is effective to cut off the rights of the surviving spouse and it is not a part of her proof to demonstrate the contrary.

The bearing of these principles upon the present motion will be obvious. Since the burden is upon the opponents of the widow to show that the benefits accorded her are adequate to nullify her modified intestate rights, they may not demand from her any specification as to the particulars in which they are deficient for this purpose. (*Matter of Mullin*, 143 Misc. 256, 260, and authorities cited.)

It follows that both of the present motions will be granted in all respects.

Enter orders on notice in conformity herewith.