In the Matter of the Will of WILLIAM H. OWENS, Deceased.

Surrogate's Court, Jefferson County, November 8, 1945.

*Charles H. Phelps* for Anna V. Day, petitioner.

*W. Glenn Larmonth* for Florence L. Owens, respondent.

PORTER, S.   William H. Owens died July 3, 1945, leaving a last will and testament executed August 2, 1922, which will was admitted to probate on July 31, 1945.   Testator left him surviv-

ing his widow, Florence L. Owens, his sister, Anna V. Day, the petitioner, who is the executrix and the residuary legatee named in the will, and two brothers, John R. Owens and George C. Owens. The estate consists of real and personal property. The clauses of the will are as follows: '' First: I direct the payment of my just debts and funeral expenses.

'' Second: I give, devise and bequeath to my wife, Florence L. Owens, such interest in my real and personal property as she would take under the Laws of the State of New York.

'' Third: All the rest, residue and remainder of my property, real and personal of every kind, name and nature, I give, devise and bequeath to my sister, Anna V. Day, absolutely and forever, should she survive me, but in the event that she does not, I give, devise and bequeath all the said property, real and personal, to her daughter, Marion C. Day.''

The petitioner executrix contends that testator intended that the devise and bequest to his wife should be determined under the law as it existed prior to September 1, 1930.

Had testator died intestate prior to September 1, 1930, his widow's interest in his estate would have been her exemptions under the Surrogate's Court Act, one half of the surplus of his personal property and $2,000, after the payment of debts, funeral expenses and expenses of administration, under the provisions of former section 98, subdivision 3, of the Decedent Estate Law, and her dower interest in his real property.

Had testator died intestate after August 31, 1930, his widow's interest in his estate, would have been her exemptions under the Surrogate's Court Act, and $10,000, and one half of the residue of his real and personal property, after the payment of debts, funeral expenses and expenses of administration, under the provisions of subdivision 4 of section 83 of the Decedent Estate Law. His widow was endowed of a third part of all lands whereof he was seized prior to September 1, 1930, of an estate of inheritance, but if she elected to take dower therein, she was barred from taking the share in such real property provided for her by the provisions of said section 83. (*Matter of Hume,* 139 Misc. 327.)

The question for determination is whether testator intended that the devise and bequest to his wife should equal the share which she would have taken had he died intestate, as of the date of the execution of the will, or whether the devise and bequest should equal the share that she would have taken had he died intestate on July 3, 1945.

By the terms of his will, testator could have limited the share of his wife to her statutory exemptions and her dower interest in his real property. Testator intended to and did provide that she should share in his estate. He intended to and did cut off his two brothers from any share therein. And even though under section 29 of the Decedent Estate Law, the gift to his sister would not have lapsed if she had predeceased him, testator made the gift over to the daughter of his sister in the event that his sister did not survive him.

In declaring a testator's intention, the courts are limited to the words which testator himself has used in his will. (*Matter of Durand*, 250 N. Y. 45; *Fell* v. *McCready*, 236 App. Div. 390, 395.)

While the will must speak for itself, and the intention must be gathered from the instrument, the court, in order to understand better and interpret the language of the testator, should so far as possible, place itself in his position at the time he executed the will, and take into consideration the surrounding facts and circumstances, including his family relations, the state of his property and the motives which might reasonably have influenced him in the disposition of his property. (*Fell* v. *McCready*, 236 App. Div. 390, *supra*.) In this case no extrinsic evidence of the circumstances surrounding testator and his relatives was offered, and therefore the court is limited to the language used in the will. (*Matter of Martin*, 255 N. Y. 248, 252.) In interpreting a will, the cardinal rule of construction is to so construe it as to carry out the intent of the testator as expressed by the words he used. (*Matter of James A. Hart*, 122 Misc. 124; *Matter of Bump*, 234 N. Y. 60; *Matter of Durand*, 250 N. Y. 45, *supra*; *Matter of Martin*, 255 N. Y. 248, *supra*.)

Testator used the following words: " Would take under the Laws of the State of New York." A will is ambulatory and speaks as of the time of testator's death. (*Matter of Winburn*, 139 Misc. 5; *Matter of Grace*, 232 App. Div. 76; *Moultrie* v. *Hunt*, 23 N. Y. 394, 398.) The presumption is that a will speaks as of the time of testator's death, but this presumption may be rebutted in case of specific legacies when the nature of the property or the language of the testator in making the bequest indicates that he intended to speak as of the time of making the will. (*Matter of Thompson*, 217 N. Y. 111.) And except of gifts of specific items of property in certain situations a will is ambulatory and wholly ineffective until the death of the author. (*Brundage* v. *Brundage*, 60 N. Y. 544; *Matter of Shevlin*, 143 Misc. 213; *Matter of Williams*, 162 Misc. 507.) For the meaning

of the will, we are to look at the law at the time of testator's death (*Matter of Cutler,* 114 Misc. 203; *Matter of Gaffken,* 197 App. Div. 257; *Obecny* v. *Goetz,* 116 App. Div. 807; *Matter of Lavine,* 167 Misc. 879). Otherwise new legislation would never begin to take effect until after all of the prior wills had been outlived. (*Matter of Holmes,* 147 Misc. 394.)

Testator by his words, " Laws of the State of New York ", shows that he knew that the descent and distribution of property were regulated by statute. He must be assumed to have known that Statutes of Distribution could be changed at any time, and that the share which his wife would take under the laws of the State of New York, could be increased or diminished at any time after the execution of his will. (*Matter of Koch,* 282 N. Y. 462.) Had he desired to measure or limit her share by the laws in effect on the date of the execution of his will, he had only to add the words " in effect on this date," or the word " present." This he did not do. The court cannot imply words intentionally omitted. (*Roseboom* v. *Roseboom,* 81 N. Y. 356.)

Where decedent, while a resident in another State, executed a will while section 36 of the Decedent Estate Law was in effect, and thereafter married and moved into this State and died after such section 36 was repealed by section 2 of chapter 293 of the Laws of 1919, the court held that the will was ambulatory and did not take effect until death, and that section 35 of the Decedent Estate Law governed. (*In Re Cutter's Will,* 114 Misc. 203.) In the case of *Obecny* v. *Goetz* (116 App. Div. 807) one Annah Dehnert executed her will in 1860, devising all of her estate absolutely to her husband. She died in 1876, leaving her husband and four children of whom three were born after the execution of the will. At the time of the execution of the will section 49 of title I of chapter VI of part II of the Revised Statutes of New York (Vol. 2, 1st ed.) provided that whenever a testator should have a child born after the making of his will, and he dies leaving such child unprovided for, the child shall succeed to the same portion of the father's estate as would have descended or been distributed to him if his father had died intestate. Chapter 22 of the Laws of 1869 amended the statute by substituting the word " parent " in place of the word " father ". It was held that the afterborn child was entitled to the share provided for by section 49.

It is urged for petitioner that the case of *Matter of Waring* (275 N. Y. 6) is conclusive upon the point here involved for the reason that it was there held that the amendments to the Decedent Estate Law, made by chapter 229 of the Laws of 1929, were

not retroactive; by the terms of the act those amendments apply only to the estates and wills of persons dying after August 31, 1930. However, in the *Waring* case (*supra*), the testator died in 1907. I cannot agree with the contention that the decision in that case controls here, as in the present case testator died after August 31, 1930.

As testator knew that the will would not take effect until his death, and as he did not by appropriate language evidence an attempt to limit the gift to his wife to the amount she would have received under his will, as measured by the laws in effect at the date of the execution of the will, I hold that it was the intention of testator to devise and bequeath to his wife, the share in his estate, which would equal her intestate share therein as determined by the laws' of the State of New York, in effect on the date of his death.

Testator's widow has no right of election under section 18 of the Decedent Estate Law, as decedent's will was executed in August, 1922, and the statute gives a right of election only in cases where the will was executed after August 31, 1930. (*Matter of Lavine,* 167 Misc. 879, *supra; Matter of Tankelowitz,* 162 Misc. 474; *In Re Leggett's Estate,* 32 N. Y. S. 2d 921.)

A decree may be submitted accordingly.