S. Samuel Di Falco, S.
Petitioners seek a construction of the will as authorizing them to give certain guarantees respecting the co-operative apartment enterprise entered into by testator with another individual shortly before his death. While there is no specific mention of such guarantees in the will, the powers granted to the executors are unusually broad, including the retention of investments, disposal, development and improvement of any property on such terms as they may deem advisable, the right to borrow and give as security the whole or any part of the estate and generally ‘1 to do all acts which I might or could do if living ”. The latter clause was considered in Matter of Flanagan (184 Misc. 938), where the court decided that the executors could sell stock holdings on credit although *336 not so authorized specifically under the broad provisions enumerated in the will.
In the instant case the court permitted the introduction of extrinsic proof as to testator’s lifetime business dealings and mode of investments. Circumstances and conditions surrounding testator at the time of execution of the will may be considered as bearing upon his intention. (Matter of Rossiter, 134 Misc. 837, affd. 229 App. Div. 730, affd. 254 N. Y. 583; Matter of Fell v. McCready, 236 App. Div. 390, affd. 263 N. Y. 602; Matter of Owens, 186 Misc. 777; Matter of Morley, 69 N. Y. S. 2d 583; Matter of Vann, 61 N. Y. S. 2d 733; Matter of Carvalho, 57 N. Y. S. 2d 311, affd. 269 App. Div. 904; Davids, New York Law of Wills, § 457 et seq; § 480 et seq.)
The proof shows that the obligations and guarantees in question were those generally employed in the type of project involved and were frequently given by testator himself in his lifetime. Special meaning must, therefore, be given to the inclusion in his will of the authorization to do all things which he could or would have done in his lifetime.
Not only are the executors bound to continue the project mentioned, and to do any and all things necessary to complete it, but under the broad provisions of the will, particularly those relating to retention of investments, the court holds that they are authorized to give such guarantees as a retention and continuation of the investment, and to complete the transaction (Matter of Flanagan, supra).