JAMES M. G. SMITH, as General Guardian, etc., Respondent, *v.* JONATHAN C. ROBERTSON et al., Appellants.

Where a testator, whose will authorized his executor to sell all his real and personal estate, and dispose of the proceeds, after the making thereof, had a child born, and thereafter died leaving said child his only heir at law, and " unprovided for by any settlement, and neither provided for nor in any way mentioned in his will," *held*, that under the statute (2 R. S. 65, § 49), the whole real estate descended to the child the same as if the father had died intestate ; that he did not take under the will or subject to any of its provisions ; and that where the executor sold the real estate, the remedy of the child was not confined to a pursuit of the proceeds of sale, but that she could maintain ejectment to recover the same.

Where, however, it appeared that the real estate was at the time of the testator's death subject to a mortgage which the grantee paid, *held*, that

the judgment should be without prejudice to his right to a lien for the amount so paid, or to be subrogated to the rights of the mortgagee.

(Argued June 15, 1882; decided October 10, 1882.)

APPEAL from order of the General Term of the Supreme Court, in the second judicial department, made February 15, 1881, which reversed a judgment in favor of defendant, entered upon a decision of the court on trial without a jury, and granted a new trial. (Reported below, 24 Hun, 210.)

This action was brought to recover possession of two lots in the village of Middletown, Orange county, of which John J. Scott died seized.

In 1862 he made a will by which his executor was authorized to sell all his real and personal estate, and pay the proceeds to his widow. In April, 1864, he had a child born, a daughter in whose interest this action was brought. In May, 1864, the testator died. The daughter " was unprovided for by any settlement, and neither provided for, nor in any way mentioned in such will." Defendants claimed the premises under a deed from the executor; they purchased subject to a mortgage which they subsequently paid.

*William H. Stoddard* for appellants. In order that plaintiff may sustain this action in ejectment a right of entry and possession must exist. (*Rowan* v. *Kelsey*, 18 Barb. 484; 2 R. S. 65, § 49.) The birth of plaintiff and death of the testator subsequent to the making of his will did not revoke the will. (1 Williams on Exrs. 95 ; 1 Jarman on Wills [1st Am. ed.], 106; 1 Kent's Comm. 52; *Bush* v. *Wilkins*, 4 Johns. Ch. 506; *Harris* v. *Van Denburgh*, 1 Denio, 27; *Shepherd* v. *Shepherd*, 5 T. R. 51 ; *White* v. *Bradford*, 4 M. & R. 10.) Section 49, 2 R. S. 65, does not revoke a will and was never intended for that purpose, but was for the purpose of providing for after-born children by fixing their portion of the estate, and directing that it should be recovered from the devisees and legatees out of the parts devised. (*Mitchell* v. *Blaine*, 5

Paige, 588; *Thompson* v. *Carmichael*, 4 Sandf. Ch. 120; *Sanford* v. *Sanford*, 4 Hun, 175; Girard's Titles to Real Estate, 403; *Burlingham* v. *Belding*, 25 Wend. 463; *Cullen* v. *Taylor*, 42 Barb. 578.) The proceeds in this case being from realty, the mother is entitled to full dower interest and no more. (Girard's Titles, 574; *Davidson* v. *Freist*, 3 Sandf. Ch. 456; *Foreman* v. *March*, 1 Kern. 243.) If the will is not entirely revoked, the absolute direction and power to sell and convert into money the real estate of the testator given to the executor in said will operated as an equitable conversion of the estate into money, and the conversion takes place at the death of the testator. (*Horton* v. *McCoy*, 47 N. Y. 26; *Meaking* v. *Cromwell*, 1 Seld. 136; *White* v. *Howard*, 52 Barb. 286; *Bunce* v. *Vandegrieff*, 8 Paige, 37; *Stillwell Exr., etc.*, v. *Nott*, 2 Sandf. Ch. 58; *Bogert* v. *Herbell*, 4 Hill, 492.) The subject of the devise would in this case be money and not lands, and the heir must be compelled to follow the proceeds and not the lands. (*Hatch* v. *Bassett*, 52 N. Y. 361; *Gorerly* v. *Campbell*, 6 Hun, 218.)

*Charles H. Winfield* for respondent. When John J. Scott died the statutes operated so as to vest the title of his real estate in his child, and at the moment of his demise she became seized absolutely of the property in question. (2 R. S. 65, § 49; 3 R. S. [6th ed.] 64; *Sanford* v. *Sanford*, 61 Barb. 293; *Mitchell* v. *Bain*, 5 Paige, 588; *Mason* v. *Jones*, 2 Barb. 229; *Rockwell* v. *Geery*, 4 Hun, 606; *Plummer* v. *Murray*, 51 Barb. 201; *Williams* v. *Freeman*, 83 N. Y. 561, 568.) The real estate of John J. Scott having vested absolutely in Carrie B. Scott, she alone could convey the title. (*Sigler* v. *Van Riper*, 10 Wend. 414; *Green* v. *Putnam*, 1 Barb. 500; *Wiles* v. *Peck*, 26 N. Y. 45; *Scott* v. *Howard*, 2 Barb. 321; *Ash* v. *Cook*, 3 Abb. 389; *Maloney* v. *Horan*, 36 How. 267.) The theory that John J. Scott left a will of personalty, and that his directions to his executor to convert all his property into money, made it a will of personalty under the doctrine of equitable conversion, is untenable, because the doctrine cannot

be construed to annul the statute. (Story on Equity, §§ 792, 1212; *Matter of the Will of Fox,* 52 N. Y. 530; 63 Barb. 157, 159.) The fact that defendants paid off the mortgage of $1,000 will not defeat the title in plaintiff's ward. That act will not bar ejectment. (*Lowell* v. *Parkhurst,* 4 Wend. 369; *Watson* v. *Cris,* 11 Johns. 437.) Plaintiff, as general guardian, being entitled as such to the possession of the ward's real estate, can maintain ejectment in his own name. (Tyler on Ejectment, 173, 174, 538; *Wade* v. *Cole,* Ld. Raym. 130; *Holmes* v. *Seely,* 17 Wend. 75; *Combs* v. *Jackson,* 2 id. 153; 2 Kent's Comm. 228.)

RAPALLO, J. We are of the opinion that on the death of John J. Scott, the testator, the real estate in controversy descended to his infant daughter, under the provision of 2 R. S. 65, § 49, in the same manner as it would have descended if the father had died intestate, and that the infant does not take under the will, or subject to any of its provisions.

The statute, instead of declaring the entire will revoked by the subsequent birth of issue for whom no provision is made, renders it inoperative as to that portion of the testator's estate which, if he had died intestate, would have descended, or been distributed to the after-born child. When, as in this case, there is no other heir, the whole of the real estate descends to the child, as it would have done had there been no will, subject only to the dower of the widow, and the power of sale contained in the will fails. The remedies given by the statute against devisees, to recover a portion of the property where only a portion descends to an after-born child, do not operate to subject the estate of such child to a power of sale contained in the will, or to confine his remedies to a pursuit of the proceeds of sale. He is entitled by the plain terms of the statute to recover the same portion of the *corpus* of the estate which he would have been entitled to had his father died intestate.

The order should be affirmed, and judgment absolute rendered against the defendants on their stipulation; but as it appears that, at the time of the death of the testator, the real

estate was subject to a mortgage which the purchaser discharged, the judgment should be without prejudice to his rights to a lien for the amount paid to discharge the mortgage, or to be subrogated to the rights of the mortgagee.

All concur.

Order affirmed and judgment accordingly.