GEORGE W. LUCE, as Administrator, etc., of E. H. LITTLE, Deceased, Respondent, *v.* OSCAR A. BURCHARD and Others, Respondents, and SARAH J. DECKER and Another, Appellants.

78 537
144a 562

*Will failing to provide for an unborn child — how far valid — a life tenant cannot be compelled to take a gross sum — rule 71.*

The will of a testatrix which fails to provide for her child born after the making of the will is in all respects valid, except as to such child, which succeeds to the same portion of the estate he would have taken in case of the intestacy of his parent.

There is no rule of law by which a life tenant can be compelled to take a gross sum in lieu of the use of a trust fund during her life.

Under rule 71 of the General Rules of Practice a tenant for life, by the curtesy, or in dower, cannot be compelled to accept a gross sum in lieu of the estate for life.

APPEAL by the defendants, Sarah J. Decker and another, from an order of the County Court of Monroe county, entered in the office of the clerk of the county of Monroe on the 16th day of November, 1893, modifying and confirming as modified the report of a referee in surplus money proceedings.

*E. B. Fenner*, guardian *ad litem*, for infant defendant, Jane A. Burchard, and counsel for Sarah J. Decker, appellants.

*H. B. Hallock*, for P. J. Costello, respondent.

*Howard H. Widener*, for respondent Mary A. Burchard.

LEWIS, J.:

This is a controversy over surplus moneys arising from the sale under foreclosure of a mortgage.

Carrie J. Decker Burchard was the wife of the defendant Oscar A. Burchard, and died at the city of Rochester, leaving a last will and testament, which was made and executed in the year 1885 after her marriage, and prior to the birth of her only heir at law, Jane A. Burchard, one of the appellants.

It is provided by the will : " *First*, after all my lawful debts are paid and discharged, I give and devise my house and lot, situated upon Champlain street, in the city of Rochester, Monroe county, New York, to my mother, Sarah Jane Decker, to use, occupy and enjoy the same for and during the term of her natural life. *Second*, I hereby give and devise to my husband, Oscar A. Burchard, my said house and lot upon the termination of such life estate, in case he shall survive my said mother ; but if my said mother shall survive him I give and devise the said house and lot to her and her heirs absolutely. The foregoing devise to my said husband is upon the express condition that he shall furnish to my said mother during her life such reasonable support, maintenance and care as she may require." She appointed her husband executor of the will. No mention was made in her will of the child about to be born to the testatrix. After making the will, and on the 14th day of February, 1885, the testatrix gave birth to the appellant Jane A. Burchard, and died leaving her surviving such issue. The will was duly admitted to probate, and thereafter, upon a sale on the foreclosure of a mortgage, which was a lien upon the property at the time of the making of the will, there arose a surplus of $504.22, and proceedings were instituted to determine the priority of claims to said surplus. The respondents, who were judgment creditors of the husband of the testatrix, made claim to a portion of the fund under their judgments. And the proceeding was duly referred, and the referee, after hearing the proofs, reported, among other facts, that the husband of the testatrix had, although often requested, failed and neglected to furnish any support, maintenance and care for the mother or child of the testatrix, and that he had totally abandoned them, and he reported as his conclusion of law that the husband had forfeited all claim as tenant by the curtesy because of his neglect to provide for the mother as was provided by the will; that Sarah J. Decker, after the payment of the expenses of the proceeding, would be entitled to the interest on said sum during the period of her

natural life unless she should survive the death of the husband, Oscar A. Burchard; that if Oscar A. Burchard should die before the death of Sarah J. Decker, that the fund would belong to Jane A. Burchard. Upon motion to the County Court of Monroe county for a confirmation of the referee's report, it was confirmed, but with the following modification: It was adjudged that the defendant Oscar A. Burchard was entitled as tenant by the curtesy to the use and income of said fund after the death of the life tenant, Sarah J. Decker; that the husband's interest was suspended during the life of the mother; that the judgment creditors of the husband were entitled to an immediate appropriation of his present interest in the fund, which, computed according to the life tables, was adjudged to be, after deducting costs and disbursements, $103.56, and that the respondent Costello was entitled to have applied therefrom in payment of her judgment the sum of $91.48, and that the judgment creditor, Mary A. Burchard, was entitled to $12.08, to be applied upon her judgment; that there should be paid to the appellant Sarah J. Decker for her life estate in said fund the sum of $194.79, and that the balance, amounting to $165.87, be paid to the appellant Sarah J. Decker as general guardian for the infant. These amounts, with the expenses of the proceedings and the fees of the county treasurer, comprised the amount of the fund.

The statute provides that when a testator shall have a child born after the making of a will, and shall die leaving the child unprovided for by any settlement, and not mentioned in the will, every such child shall succeed to the same portion he would have taken in a case of intestacy of the parent. (3 R. S. [Birdseye's ed.] p. 3344, § 17.) In all respects, except the failure to provide for the child, the will is valid. (*Smith* v. *Robertson*, 89 N. Y. 555.)

We are inclined to agree with the conclusion of the County Court, that by the terms of the will Mrs. Decker is entitled to a life estate in the surplus moneys, and that the husband is entitled to the use of the fund as tenant by the curtesy, subject to the life estate of Mrs. Decker. But we are not aware of any rule of law or of court by which Mrs. Decker can be compelled to take a gross sum in lieu of the use of the fund during her life. The Code of Civil Procedure permits a widow in partition actions to elect to take a gross sum in satisfaction of her dower right, but such election is optional with

her. It is provided by rule 71 of the General Rules of Practice that where a tenant for life, by curtesy, or in dower, is entitled to the annual interest or income of a sum paid into court or invested in permanent securities, he may consent to accept a gross sum in lieu of such annual interest or income for life.` The interest shall be estimated according to the then value of the annuity, according to the tables. The tenant is not entitled as of right to make such election under this rule. (*In the Matter, etc., of John Zahrt*, 94 N. Y. 605.)

The testatrix, by her will, contemplated that the fund should be kept intact, and the mother be entitled to its use during her life. By the judgment of the County Court she is deprived of this. The fund is to be at once divided, and the creditors of the husband are permitted to appropriate to the payment of their judgments the present value of the husband's interest as tenant by the curtesy. The fund, we think, must be kept together, if Mrs. Decker so desires, during her lifetime; in case the husband survives the mother his right to the use of the fund will then attach, and his creditors may then be entitled to apply the income therefrom, as it shall accrue, to the liquidation of their claims; the principal sum, however, to remain undisturbed, to be delivered to the child on the death of its father, if he shall survive Mrs. Decker; or, if not, upon the death of Mrs. Decker.

The judgment of the County Court should be modified in the manner indicated, and, as so modified, affirmed.

DWIGHT, P. J., HAIGHT and BRADLEY, JJ., concurred.

Order of the County Court of Monroe county modified as indicated in the opinion, and, as so modified, affirmed, with ten dollars costs and disbursements to appellant, to be paid by the respondent. Order to be settled by LEWIS, J.