CATHERINE BENDER, Appellant, *v.* PHILIPP PAULUS et al., Respondents.

**Real property — testamentary trust with power to sell land and distribute the proceeds — when power of sale is not affected by the invalidity of the devise of one of the shares.**

Where real estate is devised to executors in trust to sell and distribute the proceeds among certain designated beneficiaries, and a share thereof passes to the testator's heirs at law by reason of the invalidity of the devise of that share, the whole property is, nevertheless, subject to the exercise of the power of sale, if it is necessary to exercise that power in order to carry out to the best advantage the valid provisions of the will.

*Bender* v. *Paulus*, 118 App. Div. 23, affirmed.

(Argued December 15, 1909; decided January 28, 1910.)

24

APPEAL from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered May 28, 1907, affirming a judgment in favor of defendants entered upon a decision of the court on trial at Special Term.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Alfred B. Cruikshank* for appellant. Under the will of Eschlimann, as finally interpreted by the judgment in *Lanzer v. Bender,* the executors named in that will had no power of sale of plaintiff's eleven-seventeenths of the premises in question. (*Clemens* v. *Clemens,* 37 N. Y. 59; *Embury* v. *Connor,* 3 N. Y. 511; *Smith* v. *Smith,* 79 N. Y. 634; *Jordan* v. *Van Epps,* 85 N. Y. 427; *Patrick* v. *Shaffer,* 94 N. Y. 423; *Pray* v. *Hegeman,* 98 N. Y. 351; *Griffin* v. *L. I. R. R. Co.,* 102 N. Y. 449; *Campbell Co.* v. *Walker,* 114 N. Y. 7; *Lorillard* v. *Clyde,* 122 N. Y. 41; *Reich* v. *Cochran,* 151 N. Y. 122; *Thorn* v. *De Breteuil,* 179 N. Y. 64.) The will itself, properly construed, conferred upon the executors no valid power to sell the plaintiff's undivided eleven-seventeenths of the property in question. (*Murray* v. *Miller,* 178 N. Y. 316; *Hagemeyer* v. *Saulpaugh,* 97 App. Div. 535; *Benedict* v. *Webb,* 98 N. Y. 460; *Reed* v. *Williams,* 125 N. Y. 560; *McCarty* v. *Terry,* 7 Lans. 236; *Chamberlain* v. *Taylor,* 105 N. Y. 185; *Sweeney* v. *Warren,* 127 N. Y. 426; *Bruner* v. *Meigs,* 64 N. Y. 506.) The burden was on defendants to furnish proof that the sale of the plaintiff's share by the executors was necessary in the execution of their trust. There was no such proof furnished, and there is no legal presumption that it was necessary, but the contrary. (*Gallatin* v. *Cunningham,* 8 Cow. 361; *Tucker* v. *Tucker,* 19 Wend. 226; *Fleet* v. *Dorland,* 11 How. Pr. 489; *Smith* v. *Smith,* 10 Paige, 470; *Van Arsdale* v. *Drake,* 2 Barb. 599; *King* v. *Cooke,* Cowp. 26; *Nolles* v. *Fenwick,* 4 Rand. [Va.] 585; *Williams* v. *Peyton,* 4 Wheat. 77; *Stead* v. *Course,* 4 Cranch, 403; *Varick* v. *Tallman,* 2 Barb. 113; *Hill* v. *Draper,* 10 Barb. 470.)

*John E. Van Nostrand* and *E. V. B. Getty* for respondents.   The executors had a valid power of sale over all of the real property of the testator.   (1 R. S. 729, §§ 58, 59; *Downing* v. *Marshall*, 23 N. Y. 366.)   A sale of real estate by trustees pursuant to directions in the will is not invalid because of the partial invalidity of the testamentary directions as to the dispositions of the proceeds.   (7 Am. & Eng. Ency. of Law [2d ed.], 477; Gerard on Titles [3d ed.], 365, 398; *Bogert* v. *Hertell*, 4 Hill, 492; *Downing* v. *Marshall*, 4 Abb. Ct. App. Dec. 662; *Cusack* v. *Tweedy*, 126 N. Y. 81; *Betts* v. *Betts*, 4 Abb. [N. C.] 317; *Kinnier* v. *Rogers*, 42 N. Y. 531; *Lindo* v. *Murray*, 91 Hun, 335; *Wager* v. *Wager*, 89 N. Y. 166; *Bowers* v. *Smith*, 10 Paige, 193; *Vernon* v. *Vernon*, 53 N. Y. 351; *Jones* v. *Kelly*, 63 App. Div. 614.)   Where the designated beneficiaries cannot take for any reason, nevertheless, the executors may sell under the power of sale.   (*Downing* v. *Marshall*, 4 Abb. Ct. App. Dec. 662; *Cusack* v. *Tweedy*, 126 N. Y. 81; *Wilson* v. *Lynt*, 30 Barb. 124; *Kearney* v. *Missionary Society*, 10 Abb. N. C. 274; *Lydon* v. *M. T. R. Co.*, 7 Misc. Rep. 28; *Jones* v. *Kelly*, 63 App. Div. 614; 170 N. Y. 409.)

WILLARD BARTLETT, J.   This is an action for partition affecting certain real estate in Queens county formerly the property of John Jacob Eschlimann, deceased.   The plaintiff sues as his only heir at law.   The defendants claim to have acquired a valid title to the premises by means of a conveyance from Mr. Eschlimann's executors.   By his will Mr. Eschlimann devised his real estate in Queens county (with an exception not material to be considered here) to his executors in trust to collect the rents, issues and profits thereof and to sell the said real estate whenever they might decide in their discretion and to divide the profits thereof and the said rents, issues and profits among certain hospitals and charitable corporations named in the will in certain proportions specified therein, " to be used by the said hospitals and charitable corporations in maintaining free beds and accommodations for the poor."

Under the will five corporations were designated as bene-
ficiaries of this devise : The German Hospital at New York
city, which was to receive five-seventeenths; the German
Hospital at Ridgewood, five-seventeenths; the German
Orphan Asylum at East Williamsburg, five-seventeenths; St.
Catherine's Hospital of Brooklyn, one-seventeenth, and the
German Home for the Aged at East New York, one-seven-
teenth. The trusts, however, were invalid, except that for
the benefit of the German Hospital at New York city and
that for the benefit of St. Catherine's Hospital of Brooklyn,
because the will was made less than two months before the
testator's death ; and this was so adjudged by the Supreme
Court in Kings county in 1896 in an action for the construc-
tion of the will, wherein the executors were plaintiffs, and to
which Catherine Bender (the plaintiff in this action) and all
persons interested in the estate of the testator were parties.
The judgment in that action declared that the eleven-seven-
teenths of the said property, as to which no valid trust had
been created, passed to Catherine Bender as the only heir at
law and next of kin of the testator.

The executors nevertheless exercised the power of sale con-
ferred upon them by the will in respect to the entire piece of
property, and in the year 1900 it was offered for sale at pub-
lic auction and purchased by the defendant Philipp Paulus
for $14,050.

The appellant denies the right of the executors to make
this sale.

In the first place she contends that under the will as inter-
preted in the construction suit, to which suit the defendants
here must be deemed to have been privies, the executors had
no power of sale over the eleven-seventeenths of the property
claimed by the plaintiff.

The answer to this proposition is that the judgment in that
action did not assume to determine anything as to the power
of sale. While the court did adjudge that the eleven-seven-
teenths of the property undisposed of by the will passed to
Catherine Bender as the testator's sole heir at law, it did not

decide that her share was not subject to the power of sale which the executors have since assumed to exercise. We think that the judgment in the construction suit left that an open question and did not affect it one way or the other. Hence it worked no estoppel against the executors or against the purchasers of the property (the present defendants) assuming that they were bound thereby.

Irrespective of that judgment, however, the appellant further insists that the will itself, if properly construed, conferred upon the executors no valid power to sell the undivided eleven-seventeenths of the property in question which went to the plaintiff as the only heir at law of the testator This contention presents the principal question in the case which is whether where there is a valid power to sell for a purpose which has partly failed the power may not still be exercised in order to carry into effect the valid portions of the will.

In *Downing* v. *Marshall* (1 Abbott's Ct. of Appeals Decisions, 525 ; 4 id. 662) the will directed the executors to sell certain mill property after the expiration of two lives and distribute the moneys arising therefrom among several corporations, one of which was the American Home Missionary Society, which was to receive one-sixth of the proceeds. This society was not qualified to take either real or personal property. The legal title to this share of the American Home Missionary Society, therefore, vested in the testator's heirs at law. The court nevertheless held that the power was valid and effectual for the sale of the whole property. The learned counsel for the appellant suggests that this was so decided because the case was peculiar, the mill being a single piece of property incapable of division ; besides, he argues, the judgment there declared that the heirs took *cum onere* while in the present case he contends that we are bound by the judgment in the suit for the construction of the will " which does not so declare, but the contrary." As already intimated, we are unable to find anything in the judgment in the construction suit which negatives the idea that the heir at law did not take her eleven-seventeenths sub-

ject to the executors' power of sale. It contains no adjudication on that subject that we can discover. The language of the judgment is: "That the balance, eleven-seventeenths of said property unprovided for in said will passes to Catherine Bender as the only heir-at-law and next of kin of the said testator." This does not seem to differ essentially from the decision in *Downing* v. *Marshall* (*supra*), that the intention of the testator having failed as to the one-sixth of the mill property designed for the American Home Missionary Society that share went to the heirs, and there it was said that "the power in trust to convert into money, etc., should be held to attach to this one-sixth, and that the executors will have the power to sell the property as a whole." (1 Abbott's Ct. of Appeals Decisions, page 543.) The case of *Downing* v. *Marshall* came before the Court of Appeals three times, and in each instance the court appears to have been of the opinion that the executors' power of sale extended to that portion of the property which went to the heirs at law because the intended devise thereof was invalid. On the first appeal (23 N. Y. 366, 391) Chief Judge COMSTOCK, speaking of the part which belonged to the heirs at law, said: " Such real estate will ultimately be sold as the will directs." We have already quoted from the opinion on the second appeal. On the third review the question was again considered quite fully and the same view was reiterated in more specific language, the court saying that where the leading object of the testator was the sale of the property and the distribution of the proceeds, the interest of the heir at law, as it was derived from the testator, should be made subordinate to the leading purpose which the testator designed to accomplish. (4 Abbott's Ct. of Appeals Decisions, 662, 667.)

In *Jones* v. *Kelly* (170 N. Y. 401), the testator devised all his real estate in trust to his executors to sell and distribute the proceeds between two charitable institutions. He made no provision for his widow. The devise was adjudged valid to the extent of only one-half of the testator's estate, the remaining one-half passing to the testator's heirs at law as if

no will had been made; but in so holding, the court, speaking through PARKER, Ch. J., said: "The real estate may be so situated as to require a sale of all of it in order to execute the valid portions of the will, and thus it will be turned into money in fact, but for the purposes of disposition under the statute as intestate property, it will retain its character as real estate." (p. 409.) This is a distinct recognition of the doctrine applied to the disposition of the mill property in *Downing* v. *Marshall* (*supra*).

That a power of sale may be exercised as to the whole property, notwithstanding a failure of the devise as to a portion thereof going to the heir at law, was also held by the clearest implication in *Abbott* v. *James* (111 N. Y. 673). There the testator gave his wife the use of his property, real and personal, during her lifetime, and, upon her death, he devised and bequeathed the same to three societies in equal parts, directing his executor, if any of the property consisted of real estate, to sell the same and divide the proceeds between the said three societies. By force of chapter 360 of the Laws of 1860, the testator was precluded from giving to these charitable corporations more than one-half of his property, so that the half which they could not take was undisposed of by the will and passed to the testator's heirs at law. The public administrator of Kings county, as administrator with the will annexed, sold all the real estate under the power. The purchaser declined to complete the purchase, and the public administrator brought a suit to compel specific performance. In that suit the General Term of the second department held that the power of sale had been rendered invalid by the partial failure of the devise for the benefit of the three societies. (*Abbott* v. *James*, 14 N. Y. S. R. 597.) In this court the judgment was affirmed, but solely on the ground that specific performance of a contract for the purchase of real estate would not be enforced where the vendor's title depended upon a doubtful question of law and where other parties having rights affected by the same question were not parties to the action. The respective views in favor of permitting

the exercise of a power of sale where the devise has failed in part and against allowing it, are fully set forth in the opinion of Judge FINCH; but it is distinctly intimated that the power may properly be exercised where the situation of the real estate and the parties seems fairly to require it.

The rule deducible from the adjudged cases on the subject seems to be that adopted by the learned judge at Special Term, that where real estate is devised to executors in trust to sell and distribute the proceeds among certain designated beneficiaries and a share thereof passes to the testator's heirs at law by reason of the invalidity of the devise of that share, the whole property is nevertheless subject to the exercise of the power of sale, if it is necessary to exercise that power in order to carry out to the best advantage the valid provisions of the will. It is objected in behalf of the appellant that no such necessity was found by the trial court to exist in the present case; but we think that this omission is supplied by the allegation in the complaint that the premises are so situated that a partition or division thereof could not be made without great prejudice to the ownership thereof, it being totally impracticable, and that a sale of the property is necessary.

It is suggested that ideal justice has not been achieved in this case but that there has been an attempt to despoil the plaintiff which will be successful if this judgment stands. The deed by the executors to the defendants was made over four years after the decision of the construction suit, without any notice to the plaintiff, who was in Germany at the time, and who, it is said, has never received any of the proceeds of the sale from the executors or otherwise. The defendants, who purchased the property from the executors, claim to be innocent purchasers for value although, of course, they must have known from the recitals in the deed under what authority the executors claimed the right to sell. Manifestly every requirement of fair dealing demanded that the executors should notify the heir at law of their intention to sell; and if it be true that there was any element of fraud in the transac-

tion she could have attacked the sale on that ground success-
fully if she had acted promptly.   Her rights in that respect,
however, are not involved in the present litigation, wherein
she simply assails the sale or rather seeks to ignore it, on the
ground that the power of sale had failed as to her eleven-
seventeenths of the property.   While her contention in this
respect cannot be upheld she is still at liberty to question the
sale for fraud unless precluded by the Statute of Limitations.

The judgment should be affirmed, with costs.

CULLEN, Ch. J., GRAY, EDWARD T. BARTLETT, VANN, HIS-
COCK and CHASE, JJ., concur.

Judgment affirmed.