In the Matter of the Estate of ERNEST T. SMITH, Deceased.

Surrogate's Court, Broome County, November 9, 1951.

*William L. Ransom, Jr.,* special guardian for Ronald T. Smith, an infant, respondent.

*Joseph P. Mangan* for Ruth C. Smith, as executrix of Ernest T. Smith, deceased, petitioner.

Page, S. Deceased died testate on the 23d day of March, 1951. His will, executed on the 1st day of June, 1943, was duly admitted to probate the 13th day of July, 1951. Letters testamentary thereupon were issued to Ruth C. Smith, his widow, the petitioner herein. Said Ruth C. Smith is the sole legatee and devisee named in the will. Subsequent to the execution of the will, on the 8th day of July, 1951, a child of said deceased and said Ruth C. Smith was born. Said child, named Ronald Thomas Smith, was " unprovided for by any settlement, and neither provided for nor in any way mentioned" in the will of said deceased.

The present proceeding is brought pursuant to the provisions of article 13 of the Surrogate's Court Act. The situation of the estate in relation to obligations to be paid is such that proceeds of either a sale or mortgage of the real property in question is requisite for their liquidation.

The immediate question to be determined arises by way of a motion made by the special guardian of said infant that this proceeding be dismissed. Such motion is based upon a provision contained in the will of said deceased, viz.: " I hereby give my executrix hereinafter named, power of sale and disposition over my property both real and personal."

It is contended by the special guardian that the present proceeding not only involves unnecessary expense and delay in

the settlement of the estate of said deceased, but that this court has no jurisdiction to order any disposition of the real property. The special guardian's point in relation to his contention of want of jurisdiction in this court is based upon provisions of section 233 of the Surrogate's Court Act, stating: " The real property, or interest in real property, of which a decedent died seized, may be disposed of as prescribed in this article; except * * * where it can be disposed of under a valid power contained in a will for the purpose for which the same might be disposed of under this article."

It would seem that the above-quoted statutory provision should be interpreted and applied as if it read: " The real property, or interest in real property, of which a decedent died seized, may be disposed of as prescribed in this article; except * * * where it can be disposed of under a valid power contained in the last will and testament of such decedent for any purpose or purposes for which the same, otherwise, might be subject to disposition pursuant to the provisions of this article."

Under the facts of the present case it is, of course, unquestioned that the provisions of section 26 of the Decedent Estate Law for the benefit of an after-born child are applicable. Under this statute, the child is entitled to take the same share in the parent's estate as if his father had died intestate. In the present instance, this is two thirds thereof, the infant's mother being entitled to the other one third.

It is well established that a testator's will is not revoked by his subsequently becoming a parent of a child or children. Except for or aside from the statutory protection of an after-born child, all provisions of the will are as effective and operative as if there had been no after-born child. (See *Matter of Kraston*, 58 N. Y. S. 2d 364, 367, and cases there cited.) The fact that a portion of decedent's estate does not pass pursuant to the provisions of the will does not result in the failure of a general power of sale. (See *Bender* v. *Paulus*, 197 N. Y. 369.) Therefore, the provision for a power of sale of real estate is one of the provisions of a will which is unrelated to and unaffected by the circumstance that an after-born child has an interest in the estate.

As is to be readily discerned by merely examining the wording of the above-quoted power, it is a full-fledged general power, not limited or restricted in any way or applicable to any specific purpose only. Because of the above-stated exception to instances wherein a sale of real property may be directed by a Surrogate's Court, viz., where a plenary power of sale of real property is

provided in the will, there can be no question but that, were there no after-born child in the present case, this court would be unauthorized to entertain, hear and determine the present proceeding. At least in cases where an after-born child is not the sole distributee, section 26 of the Decedent Estate Law does not require that any provision of the will, except as to the abatement of testamentary gifts to the extent necessary to permit an after-born child to be accorded his intestate share, shall be abrogated or affected. Thus it appears that the present proceeding is not one which this court has jurisdiction to hear and determine and, therefore, the granting of the present motion is imperative.

However, against all the foregoing line of reasoning, it is contended by counsel for the petitioner herein that, were the executrix to make a conveyance pursuant to the above-quoted power of sale, there would be a serious question as to the validity or at least the marketability of the title purportedly conveyed by such deed. (In fairness to counsel for the petitioner, it should be stated that, as was mutually agreed by all counsel participating in the hearing of the motion, the real point of concern is based upon the fact that the executrix has received from Sears Roebuck & Co. an offer for the purchase of the real property in question. This offer appears to equal the full fair market value of the property, but attorneys for the proposed purchaser have expressed themselves as being doubtful as to the validity or nondefective quality of any title that the executrix might assume to convey, acting under the power of sale provided in the will. Counsel's concern with the matter is practical, not merely academic.)

In support of this view as to the question, a case in the Court of Appeals which does not appear to have been ever overruled or modified is cited. This is the case of *Smith* v. *Robertson* (89 N. Y. 555) involving substantially the same facts as presented in this proceeding. A testator had died leaving his widow and infant daughter born after the making of his will in which there had been no provision for or mention of the infant. At that time there was in effect the provision of section 49 of title I of chapter VI of part II of the Revised Statutes of New York (Vol. 2, p. 65), which, for all present purposes, was identical with our current section 26 of the Decedent Estate Law. In this case, the court, by RAPALLO, J., stated and held (p. 558):

" RAPALLO, J. We are of the opinion that on the death of John J. Scott, the testator, the real estate in controversy descended to his infant daughter, under the provision of 2 R. S. 65, § 49,

in the same manner as it would have descended if the father had died intestate, and that the infant does not take under the will, *or subject to any of its provisions.*

" The statute, instead of declaring the entire will revoked by the subsequent birth of issue for whom no provision is made, renders it inoperative as to that portion of the testator's estate which, if he had died intestate, would have descended, or been distributed to the after-born child. When, as in this case, there is *no other heir,* the whole of the real estate descends to the child, as it would have done had there been no will, subject only to the dower of the widow, *and the power of sale contained in the will fails.* The remedies given by the statute against devisees, to recover a portion of the property where only a portion descends to an after-born child, do not operate to subject the estate of such child to a power of sale contained in the will, or to confine his remedies to a pursuit of the proceeds of sale. He is entitled by the plain terms of the statute to recover the same portion of the corpus of the estate which he would have been entitled to had his father died intestate." (Emphasis supplied.)

When the above-cited case was decided, the status of a surviving spouse was very different than it is under our present law. At that time the court, of course, was accurate in stating that there was no heir other than the after-born child, and that the child would, therefore, take all subject only to admeasurement of the widow's dower. At that time a widow (or either spouse surviving the other) was not an " heir " of the deceased spouse.

This court, of course, cannot assume to overrule the Court of Appeals. Usually, whenever a trial court deems it appropriate to refuse to follow the contended effect of some authority established by our court of last resort, the method of doing so is by way of distinguishment of the respective facts. In any event it must be some form of distinguishment. Here there is no basis for a distinguishment of facts. Here the basis of distinguishment, if any, is in the law.

In 1882 a decedent's widow was definitely not one of his heirs at law or next of kin. As to real property her only right was that of dower. A widow's dower did not depend upon either testacy or intestacy. It was, *pro tanto,* identical with or analogous to the interest of the survivor of a husband and wife who had been tenants by the entirety.

This remained so until the far-reaching remedial legislative enactments in relation to decedent's estates became effective as of September 1, 1930. This legislation vastly enlarged the rights

of a surviving spouse in relation to intestate succession from a deceased spouse as is manifest by examining subdivisions 1 to 4 of section 83 of the Decedent Estate Law. The same great legislative reform in relation to descent and distribution of decedents' estates, also, by way of the right of election provided in section 18 of the Decedent Estate Law, gave protection to a surviving spouse in cases of testacy.

In connection with this legislation, the time-honored designation of those entitled to take by way of intestate succession, " heirs at law " as to real property and " next of kin " as to personal property, was, in effect, abolished. Since then all who take are designated as " distributees ". The estates of dower and courtesy were abolished.

However, even after the enactment of present section 83 of Decedent Estate Law, the surviving spouse was not immediately recognized as a distributee on a parity with children or others. See *Matter of Maine* (190 Misc. 226) in which this court had a previous occasion to closely examine the legal status of a surviving spouse as an " heir at law " and " next of kin " or distributee of the estate of a deceased spouse, in relation to the time as of when the changed law must be deemed to have become applicable.

*Matter of Waring* (275 N. Y. 6) and *Matter of Wolf* (284 N. Y. 644) were cases which held in effect that the enactment of section 83 of the Decedent Estate Law had not had the effect of constituting a surviving spouse as an heir at law or next of kin of the deceased spouse. But the Legislature resolved this situation by the enactment of chapter 181 of the Laws of 1938, consolidated as section 47-c of the Decedent Estate Law. Since the effective date of this statute, March 28, 1938, there is, of course, no question but that a surviving spouse is a distributee of the estate of a deceased spouse.

It is true that *Smith* v. *Robertson* (89 N. Y. 555, *supra*) has never been overruled, modified or even criticized in or by any subsequent case. (However, it has been otherwise criticized. See 4 Warren's Heaton on Surrogates' Courts, § 393, par. 2.) It is also true that, in all of their respective material facts, the present case is identical with that case. Ordinarily its authority would be binding on this court. However, it seems there could be no doubt whatever but that the rule established in the case of *Smith* v. *Robertson* (*supra*), insofar as it might be applicable to the situation here presented, became obsolete upon the enactment of section 47-c of the Decedent Estate Law. If the present

case were carried to the Court of Appeals, could there be any reasonable doubt that it would be determined by that court that the rule of *Smith* v. *Robertson* (*supra*), in view of the present provision of section 47-c of the Decedent Estate Law taken in conjunction with section 83 of the Decedent Estate Law, had become outmoded and obsolete? In all probability, there are numerous instances where some authority established by the Court of Appeals many years ago, but no occasion for its over-ruling having ever arisen, has long since become dead but has remained uninterred.

However, the authority of *Smith* v. *Robertson* (*supra*) is not, for all purposes, in this category. It still stands as authority for the proposition that, in a conceivable case where a decedent's estate, contrary to the provisions of his will, devolves *solely* to an after-born child, a power of sale in his deceased parent's will would become inoperative.

While it can be argued that this construction of the law is opposed to or inconsistent with the thoroughly established principle that section 26 of the Decedent Estate Law is never allowed to interfere with the provisions of a will any more than is necessary in order to accord an after-born child his intestate share, yet *Smith* v. *Robertson* (*supra*) apparently remains until this day an authority to the effect that the rule is different in respect to an executor's power of disposition of real property in a case where an after-born child would have, had there been no will, been the testator's sole distributee.

But, since the enactment of section 47-c of the Decedent Estate Law, real property no longer descends solely to an after-born or any other child in cases where there is a surviving spouse. Therefore, as between the present case and *Smith* v. *Robertson* (*supra*), although we have no basis of distinguishment upon the facts, there does exist a basis of distinguishment upon the law, which must be recognized and given effect for the edification of title men if for no other reason.

Because of the existence in the present case of a valid general and perfectly operative power of sale in the will, under section 233 of the Surrogate's Court Act, this court has no jurisdiction to hear and determine the present proceeding. The power of sale provided in the will may be and, as it appears, should be exercised by the executrix in order to accomplish the apparently necessary objectives stated in the petition.

Motion to dismiss proceeding granted. Submit order accordingly.