Samuel Faile, S.
At the time fixed for the hearing of the issues raised by the objections to the account of the executrix, the objectant withdrew all such objections. There remains for determination the question of construction requested by object-ant relating to two shares of one third each in designated real property devised under paragraph “Third” of the will of testatrix which reads as follows: ‘ ‘ Third: I hereby direct my executrix hereinafter named to dispose of my real property known as No. 367 Oakland Beach Avenue, Rye, New York and No. 221 Purchase Street, Rye, New York, and any other real property I may own, as soon as practicable after my death, and that the proceeds be divided equally among my three daughters. A. One-third share thereof to be given outright to my daughter Rita Mary Quirk, and the other two-thirds to be held in *222 trust by my executrix for equal distribution to my aforesaid daughters, Maby Mabgabet Chibabappa and Tebesa Claea Pontee, from which shares each of my said daughters shall receive One Hundred ($100.00) dollars per month, until the corpus is extinguished.”
The testatrix died on October 8,1952. Her will dated April 16, 1952 was admitted to probate by decree of this court dated November 5, 1952, when letters testamentary were issued to petitioner. The premises designated as 367 Oakland Beach Avenue were sold on September 30, 1955. The premises designated as 221 Purchase Street remain unsold.
The provisions of paragraph ‘ ‘ Third ’ ’ are ineffectual as an express trust for the sale of real property under subdivision 2 of section 96 of the Beal Property Law. The will contains no express devise of said premises to the executor, nor any express or implied direction for the receipt or payment of rents and profits of such real property. By virtue of the provisions of section 97 of the Beal Property Law, a devise of real property to an executor or trustee for the purpose of sale or mortgage, where the trustee is not also empowered to receive the rents and profits, vests no estate in the executor or trustee, although the trust is valid as a power and the real property descends to the heirs or passes to the devisees of the testator subject to the exercise of the power. (See, also, Matter of Callahan, 96 Misc. 74, affd. 176 App. Div. 906, affd. 220 N. Y. 774; Matter of Storm, 205 Misc. 1109.)
The court accordingly determines that a one-third share in the designated real property vested at the death of testatrix in each of her three daughters, subject to the power of sale conferred upon the executrix. The provisions of paragraph ‘1 Third ’ ’ are construed as effecting an equitable conversion of such real property. Where the power of sale is mandatory and the will does not confer discretion upon the executor as to whether or not the real property should be sold, an equitable conversion of the realty into personalty results and the entire fund must be treated as personal property. (Matter of Taft, 144 Misc. 896; Matter of Harris, 138 Misc. 287.) In the absence of any express direction in the will as to the time within which the executrix should exercise the power of sale, the law implies that a sale should be made within a reasonable time. (Lawrence v. Littlefield, 215 N. Y. 561.) The testatrix here directed that such real property be sold as soon as practicable after her death. The court accordingly determines that an equitable conversion must be deemed to have been effected within one year from the death of testatrix. The provision for *223 the payment of $100 monthly to each of the two designated daughters of executrix is construed as a deferred legacy. Upon the conclusion that an equitable conversion was effected one year from the death of testatrix, payment of the deferred legacies of $100 monthly shall commence as of October 8, 1953, one year after the death of testatrix.
Submit decree on notice settling the account as filed and construing the will accordingly.