JoHN D. Behhett, S.
This is an application by a residuary beneficiary under the will for an order to sell real property for the purpose of distribution and to compel an accounting.
*168 Paragraph Seventh of the will reads as follows: “ I hereby authorize and direct my Executor to dispose of any real property that I may die seized within two years from the date of my death, and to make distribution in accordance with these provisions in my Will. ’ ’
The petitioner has applied for relief to sell the real property under article 13 of the Surrogate’s Court Act. However, under section 233 of the Surrogate’s Court Act, a jurisdictional allegation is required that the property cannot be disposed of under a valid power contained in the will for the purpose for which the same might be disposed of under article 13. While there is some suggestion that this jurisdictional requirement may have application only in cases where the power of sale is mandatory or imperative (3 Warren’s Heaton, Surrogates’ Courts § 258, par. 2, but cf. Matter of Ernest, 257 App. Div. 617; Matter of Smith, 202 Misc. 64), since the above-quoted provision of the will by its terms is a mandatory direction that the property be sold, a proceeding under article 13 does not lie.
Petitioner, however, is not without relief since a mandatory direction to sell in a will does not confer discretion upon an executor as to whether or not the real property should be sold and an equitable conversion of the realty into personalty results and the entire fund must be treated as personal property (Matter of Crolly, 4 Misc 2d 221). As indicated in Warren’s Heaton on Surrogates’ Courts Yol. 3, § 256, par. 8) a proceeding presumably may be brought in the Surrogate’s Court for the purpose of compelling the exercise of a power of sale if a sale has been unreasonably delayed. However, where as here the testator has expressly made known the time within which the executor should exercise the power, such time has not been left to speculation (Matter of Crolly, supra). Since the two years from the testator’s death within which the sale was directed to be made by him have not elapsed, it cannot be said that the executor is acting unreasonably at this time with relation to the nonexercise of the power of sale. The application to sell the real property is, accordingly, dismissed, without prejudice to a renewal should circumstances warrant the same.
The application to compel an accounting is granted and the account is directed to be filed within 60 days of the service on the executor or his attorney of an order to be made hereon.